Jeffrey W. Kusmick, Plaintiff
16 Henderson Road
Kendall Park, NJ 08824-1503
Telephone 732.297.8789

U.S. DISTRICT COURT
2010 MAY 20 P 12: 17

**United States District Court**
**District of New Jersey**

| | | |
|---|---|---|
| **Jeffrey W. Kusmick,**<br>*Plaintiff*<br>v.<br>**Karim Arzadi, Esq.; FISBO of New Jersey, LLC.; Wayland Eng; Shean Chang Wang**<br>*Defendants* | : | Civil Action No.: 10-2596 (FSH)<br><br>**COMPLAINT** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jeffrey W. Kusmick, whose principal place of business address is 16 Henderson Road, Kendall Park, New Jersey, 08824-1503 by way of complaint against the defendants, alleges upon knowledge with respect to its own acts and upon information and belief as to all other matters, as follows:

**THE PARTIES**

1. Plaintiff Jeffrey W. Kusmick (herein "Kusmick") is a licensed Architect in the State of New Jersey and a natural born citizen of the United States.

2. Defendant Karim Arzadi, Esq. (herein "Arzadi") is an attorney admitted to the bar in New Jersey whose principal place of business address is 163 Market Street, Perth Amboy, New Jersey, 08861.

3. Defendant FISBO of New Jersey, LLC., (herein "FISBO") is a Limited Liability Company formed in accordance with New Jersey Statutes, and is the owner in fee of the property located on 118 Bayard Street, New Brunswick, New Jersey.

4. Defendant Wayland Eng (herein "Eng") is a licensed Architect in the State of New Jersey and whose address is 301 Hillside Terrace, Staten Island, New York, 10308-3410.

5. Defendant Shean Chang Wang (herein "Wang") is a licensed Architect in the State of New Jersey and whose principal place of business address is 5 Wright Place, Princeton Junction, New Jersey, 08550.

## JURISDICTION AND VENUE

1. This is an action for copyright infringement by the defendants against plaintiff's copyright to an architectural work and technical drawings prepared by plaintiff Kusmick.

2. This Court has original jurisdiction over the subject matter of this action pursuant to the Copyright Law of the United States of America, Title 17 U.S.C., § 101 *et seq.* under Title 28 U.S.C., § 1338(a)

3. Venue is proper in this District under Title 28 U.S.C., § 1391(b) and § 1400(a).

**NATURE OF THE CASE**

1. It is believed and therefore alleged that defendant Arzadi is a controlling member of FISBO and exercises full control over the 118 Bayard Street property owned in fee by FISBO.

2. On or about February 18, 2008, plaintiff Kusmick completed architectural zoning drawings (herein "Zoning Drawings") A-01, through A-03 indicating the new building's design, and prepared drawings E-01 and E-02 indicating the existing building's plans for the basement through third floor.

3. Said Zoning Drawings were filed with the City of New Brunswick (herein "City") and were subsequently conditional approved as noted in the City's Certificate of Zoning Compliance #C-096-08.

4. After conditional zoning approval was granted by the City, defendant Arzadi entered into a written lump sum contract on May 27, 2008 with plaintiff (herein "Contract") in the amount of $34,500.00 to provide architectural services regarding the reconstruction of an existing three story multi-family structure located at 118 Bayard Street, New Brunswick, New Jersey.

5. In accordance with the Contract's terms, Kusmick further prepared, based on the "Zoning Drawings," architectural and

technical drawings numbered A-00 through A-12, A14, A15; structural drawings numbered S-01 through S-07; mechanical drawings M1.1, M2.2, M2.3 & M3.1; electrical drawings numbered E-01 through E-08; plumbing drawings numbered P-01 through P-06; sprinkler drawings numbered F-01 through F-04 (herein "The Drawings").

6. On or about September 2, 2008, plaintiff Kusmick completed The Drawings, in accordance with the Contract's terms, for defendant Arzadi's filing of said Drawings with the City of New Brunswick's for a building permit.

7. On or about September 5, 2008, plaintiff Kusmick forward a copy of a complete set of said Drawings to defendant Arzadi at his principal place of business address noted herein.

8. On or about November 6, 2008, the City issued a Construction Building Permit #08-0915 to defendant Arzadi and/or FISBO.

**COUNT I**

**(Copyright Infringement)**

1. The allegations contained in the Nature of the Case are repeated and re-alleged as if fully set forth herein.

2. This action arises out of defendants infringement of plaintiff's copyright under the Copyright Law of the United States of America, U.S.C., Title 17, § 101 *et seq.*, as hereafter more fully appears.

3. The architectural drawings, and architectural technical drawings (The Drawings, and Zoning Drawings) prepared and created are wholly original with plaintiff Kusmick and are copyrightable subject matter under the laws of the United States.

4. Kusmick complied in all respects with the Copyright Act, and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of an architectural work and technical drawings for the 118 Bayard Street building and received from the Register of Copyrights, two (2) certificates of registration, identified with Registration Numbers: VAu 993-390 and VAu 993-391.

5. Plaintiff has been and is still the sole proprietor of all rights, title, and interest in and to the copyright in said architectural technical drawings and architectural work.

6. The Contract stated and notified Arzadi that Kusmick's design/drawings were instruments of his service and copyright protected. The Contract further stated that the unauthorized use of the Kusmick's design/contract drawings without the Kusmick's express permission was prohibited and that the plaintiff's drawings and documents could not be used by Arzadi for the completion of the project by others, except by written agreement relating to use, liability, and compensation.

7. Defendants Arzadi and FISBO infringed said copyright by using, duplicating, copying, and distributing Kusmick's drawings, without his express permission.

8. In or about April 2010, defendants Arzadi and FISBO distributed unauthorized copies of Kusmick's copyright protected architectural work and technical drawings to defendants Eng and Wang.

9. It is believed and therefore alleged that in or about April 2010, defendants Arzadi and FISBO entered in a contract with defendants Eng and Wang for architectural service to "re-draft" Kusmick's copyright protected drawings for the 118 Bayard Street property to obtain new zoning approval and a new building permit.

10. It is believed and therefore alleged that defendants Eng and Wang have infringed and continue to infringe upon Kusmick's copyright by their unauthorized use of Kusmick's drawings in "re-drafting" and copying The Drawings to complete the project.

11. Defendants have been notified by virtue of the Contract's terms regarding plaintiff's copyright and by plaintiff's various drawings identifying that they are copyright protected and defendants have continued to infringe upon plaintiff's copyright.

12. Defendants have or continue to infringe upon plaintiff's copyright engaging in unfair trade practices against plaintiff to plaintiff's irreparable damage.

**PRAYER FOR RELIEF**

**Wherefore**, plaintiff demands:

A. That defendants, their agents, and servants be enjoined during the pendency of this action and permanently from infringing said copyrights of said plaintiff in any manner, from publishing, copying, selling of any copies of Kusmick's drawings, and from filing infringing copies with the City of New Brunswick's Zoning Board of Adjustment and/or Building Code Enforcement Department.

B. That defendants be required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendants' infringement of said copyright and said unfair trade practices and unfair competition and to account for

(1) all gains, profits and advantages derived by defendants by said trade practices and unfair competition and

(2) all gains, profits and advantages derived by defendants by their infringement of plaintiff's copyright or such damages as to the court shall appear proper within the provision of the copyright statutes.

C. That defendants be required to deliver up to be impounded during the pendency of this action all copies of said drawings prepared by plaintiff in their possession or under their control and to deliver up for destruction all infringing copies and all other drawings, and electronic CAD files for making such infringing copies.

D. That defendants pay plaintiff the taxed costs of this action and reasonable attorney's fees to be allowed to plaintiff by the court.

E. That defendants pay plaintiff Statutory Damages as allowed to plaintiff by the court.

F. That plaintiff have such other and further relief as is just.

**JURY DEMAND**

Plaintiff Jeffrey W. Kusmick hereby demands trial by jury of twelve on all issues so triable.

Respectfully Submitted,

*Plaintiff,*

Dated: May 18, 2010

Jeffrey W. Kusmick